Chen v. Garland

BIA
Schoppert, IJ
A202 024 033

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-two.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

LIN CHEN,
> *Petitioner,*

v.                                                    19-3334
                                                      NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jed S. Wasserman, Esq., New York, NY.

FOR RESPONDENT:          Ethan P. Davis, Acting Assistant Attorney General; Jessica A.

Dawgert, Senior Litigation Counselor; Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lin Chen, a native and citizen of the People's Republic of China, seeks review of a September 13, 2019, decision of the BIA affirming a February 23, 2018, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Lin Chen,* No. A202 024 033 (B.I.A. Sept. 13, 2019), *aff'g* No. A202 024 033 (Immig. Ct. N.Y. City Feb. 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history. For the following reasons, we deny Petitioner's petition for review.

\*     \*     \*

We have considered the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d

520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4). "[W]e review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted). "The scope of review under the substantial evidence standard is exceedingly narrow, and we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief." *Id.* (internal quotation marks omitted).

An asylum applicant has the burden to demonstrate eligibility for relief. 8 U.S.C. § 1158(b)(1)(B)(i). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." *Id.* § 1158(b)(1)(B)(ii). "Considering the

3

totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination" on inconsistencies within and between an applicant's statements. *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 891 F.3d 67, 76 (2d Cir. 2018).

Substantial evidence supports the agency's adverse credibility finding. Chen's detailed written statement did not mention seeking medical treatment for the injuries she sustained while detained for practicing Falun Gong despite discussing beatings that caused her to lose consciousness on and off during her 15-day detention. Chen's explanation that her injuries were minor conflicted with the description in her application. Accordingly, the agency did not err in concluding that her testimony alone was not sufficient to meet her burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii).[1]

---

[1] Chen also challenges the agency's credibility finding by claiming that she characterized her injuries as minor because two weeks had elapsed between her beatings and her release from detention. *See* Pet. Br. 14 (describing this

Further, the agency did not err in concluding that Chen otherwise failed to meet her burden because, despite testifying to ongoing practice of Falun Gong in the United States, she had no witness statements to corroborate that practice. *Id.* Her argument that the agency ignored photographs is belied by the record, and we defer to the agency's conclusion that the photographs were not sufficient to corroborate ongoing practice. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013). The agency was not compelled to credit her explanation that she did not know the people with whom she practiced in the United States, given her testimony that she practiced with others weekly. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

---

explanation as "very plausible"). But Chen's argument "misapprehends the degree of deference we must afford to the IJ's credibility findings." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). "A petitioner must do more than offer a 'plausible' explanation for [her] inconsistent statements to secure relief; [she] must demonstrate that a reasonable fact-finder would be *compelled* to credit [her] testimony." *Id.* (internal quotation marks and citations omitted). Chen has not done so here.

Chen's failure to meet her burden of proof is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). We do not address Chen's new argument that she will be tortured for leaving China without permission because that issue is unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–22 (2d Cir. 2007).

\*    \*    \*

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court